## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARVIN L. WHISBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | |
| THE HONORABLE | ) | |
| FRANK KENDALL, | ) | **JURY TRIAL DEMANDED** |
| SECRETARY OF THE AIR FORCE, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Marvin L. Whisby ("Plaintiff" or "Mr. Whisby"), submits the following Complaint against Defendant The Honorable Frank Kendall, Secretary of the United States Air Force ("Defendant" or "Air Force").

## INTRODUCTION

1.      During Mr. Whisby's employment with Defendant as a civilian employee at Dobbins Air Reserve Base in Marietta, Georgia, he was repeatedly denied promotions on the basis of his race (Black) which negatively affected his compensation and ultimately his pension. Mr. Whisby, a fire chief, was repeatedly passed over for promotions while white fire chiefs, similarly situated in the Air Force Reserve Command ("AFRC"), were promoted. Too, when Mr. Whisby applied for promotions, he was burdened with unnecessary requests for additional

documentation, unnecessary to the promotion process, while his white comparators were not. The purpose of this burdensome process was to create the appearance that the Air Force was actually considering his applications, when it was not, and to exhaust Mr. Whisby's efforts to gain promotion with continuous delays.

2.     Mr. Whisby brings this action against Defendant for race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Mr. Whisby seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement, recalculation of his pension, lost pension benefits, compensatory damages, and attorney's fees and costs of litigation to remedy these federal law violations.

## JURISDICTION AND VENUE

3.     Mr. Whisby's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

4.     This Court is an appropriate venue for all of Mr. Whisby's claims because a substantial majority of events giving rise to Mr. Whisby's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

5.     Mr. Whisby filed a timely formal complaint of discrimination with the Equal Employment Opportunity ("EEO") Division Office at Dobbins Air Force Base in Marietta, Georgia.

6.     Mr. Whisby received a final agency decision from the Department of the Air Force on March 8, 2024. This lawsuit is timely. Therefore, under 42 U.S.C. § 2000e-16(c), he has exhausted his administrative remedies and may file this Complaint.

7.     Mr. Whisby has complied with all other conditions precedent to the institution of this lawsuit.

## **PARTIES**

8.     Mr. Whisby is a resident of Georgia and submits himself to the jurisdiction of this Court.

9.     Mr. Whisby is a Black man.

10.     Mr. Whisby was employed by Defendant at all times material to this Complaint, until he retired on December 31, 2021.

11.     At the time of his retirement and thereafter to this day, Mr. Whisby was shortchanged on his pension because of Defendant's discriminatory failure to promote him.

12.     At all relevant times, Mr. Whisby was an "employee" of Defendant within the meaning of Title VII, 42 U.S.C. § 2000e(f).

13.     Defendant is subject to the jurisdiction of this Court and may be served with process by registered or certified mail as follows: Chief, Personnel and Information Law Division, Civil Law Domain, 1500 W. Perimeter Road, Ste. 1370,

Joint Base Andrews, MD 20762 and by otherwise complying with Federal Rule of Civil Procedure 4(i).

14.     Defendant was at all relevant times an "employer" under Title VII, 42 U.S.C. § 2000e(b).

## FACTUAL ALLEGATIONS

15.     Marvin L. Whisby was employed as a firefighter in the Air Force Fire and Emergency Services from 2011 to 2021.

16.     From 2011 to 2015, he was employed at MacDill Air Force Base, Tampa, Florida, as a Deputy Fire Chief.

17.     From May 20, 2015 to December 31, 2021, he was Installation Fire Chief at Dobbins Air Reserve Base ("ARB") in Marietta, Georgia.

18.     At all times relevant to this complaint. Mr. Whisby was a GS-0081-11 Chief Firefighter.

19.     From October/November 2016 until as recently as March 31, 2021, he repeatedly requested to have his position upgraded from a GS-0081-11 to a GS-0081-12.

20.     All of Mr. Whisby's requests were denied until three months before his retirement, at which point his last request was granted.

21.      More specifically, on or about February 14, 2017, his supervisor submitted a request to reclassify his position from GS-0081-11 to the GS-0081-12

grade level. Classifier Ashley Otto denied Mr. Whisby's requested upgrade, stating that the position would not be reclassified because Dobbins Air Reserve Base does not have 700 buildings, 10,000 people of which 4000 are housed on the ground in barracks, and individual dwellings, with predominantly large, multi-storied buildings, piers or marine railways clustered in congested areas.

22.     Yet, at the same time Chief Whisby's reclassification was denied, other reclassifications from GS-0081-11 to the GS-0081-12 grade level were permitted for white applicants from smaller bases.

23.     A second application resulted in a second denial on May 2, 2017, when Classifier Ashley Otto stated Dobbins ARB is too small and lacks aircraft movement. However, Dobbins ARB is larger than most reserve bases in MAJCOM, (Major Command). Here, reasons did not support denial where the Niagara Air Reserve Station ("ARS") and Youngstown's ARS, both of which had white fire chiefs, were upgraded from GS-0081-11 to the GS-0081-12 grade level even though their locations are smaller than Dobbins ARB.

24.     A third application by Chief Whisby resulted in a third denial on May 8, 2019. At that time, Classifier Shelli Brown denied the upgrade stating she did not know how to read Chief Whisby's organization chart and as a result claimed he supervised GS-7 Firefighters and GS-8 Captains.  Yet, the organization chart clearly showed that Chief Whisby supervised Assistant Chiefs only. On May 21, 2019,

Classifier Shelli Brown stated that Chief Whisby needed more certifications, requiring Mr. Whisby to provide more documents than required in his reclassification package. Mr. Whisby personally called the other white fire chiefs who applied for upgrade from GS-0081-11 to the GS-0081-12 grade level and asked if they were required to provide these documents beyond what was required in their reclassification packages. They were not.

25.    The additional documentation requirements for Chief Whisby were pretextual, designed to provide a basis for his discriminatory denial of promotion.

26.    A fourth application by Chief Whisby resulted in a fourth denial on January 22, 2020, when Classifier Shelli Brown informed Chief Whisby's supervisor, Mr. Kenneth Williams, that the fire chief reclassification package was looked at and considered but the position would not be upgraded, and that Office of Personnel Management ("OPM") would have to determine the reclassification of the fire chief position at Dobbins ARB. She also said that if OPM denied the upgrade, OPM would also downgrade all the fire chiefs that were upgraded. On the one hand, she said that this was a route they could take and on the other hand, she purposely discouraged that route.

27.    At that point, the only fire chiefs who were upgraded were white.

28.    None of the reasons given by the Classifiers aligned with the reclassification guidelines. The reasons given were inconsistent. The packages

submitted by Plaintiff were similar to the documents of the approved packages from other Air Force Reserve Command installations. Because of this, the level of questioning and scrutiny for Plaintiff versus other similarly situated white GS-11 fire chiefs should have been similar, but it was not.

29.     The evidence in all denials from Ms. Otto and Ms. Brown regarding the process and required information for the reclassification upgrade of Plaintiff's position was very different than for the other fire chiefs in AFRC who have been upgraded.

30.     Youngstown ARS was scored at the GS-12 level and Dobbins ARB was only scored at a GS-11 level and has been denied GS-12 multiple times. If the responsibilities of the fire chiefs at each installation are compared, the decisions are inconsistent.

31.     During the timeframe of Mr. Whisby's reclassification denials, several white fire chiefs in the AFRC submitted reclassification packages to upgrade their positions from GS-11 to GS-12. Niagara ARS, Youngstown ARS, Grissom ARB, March ARB, were all upgraded to GS-12. Some told Mr. Whisby that they were approved on their first submission. All of the upgrades were for white fire chiefs.

32.     The only two fire chiefs in the AFRC who were not upgraded were African American Fire Chief Marvin Whisby and African American Fire Chief

Lorenzo Gardner at Homestead ARB in Florida. Both Chief Whisby and Chief Gardner submitted their reclassification packages through the proper channels.

33.    Each denial gave a different reason for denial.

34.    At all times relevant to this Complaint, there were seven fire chiefs in the AFRC and the only ones who were not upgraded were African American.

35.    Stating that he was fighting a battle that could not be won, Chief Gardner retired prematurely.

36.    It was not until Chief Whisby announced his retirement that his position was upgraded to GS-0081-12, three months before his anticipated retirement date. At that time, nothing was different about his qualifications or about Dobbins Air Reserve Base from the preceding requests for upgrade. The only difference was that he had announced his retirement.

**COUNT I**
**RACE DISCRIMINATION IN VIOLATION OF TITLE VII**

37.    Plaintiff incorporates by reference paragraphs 1 through 36 of the Complaint as if fully restated herein.

38.    Mr. Whisby is Black.

39.    Mr. Whisby is an "employee" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

40.    Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e

*et seq.*

41.    Mr. Whisby was qualified for the position he held with Defendant.

42.    At all times relevant to this complaint, Mr. Whisby was qualified for promotion to GS-12.

43.    Defendant discriminated against Plaintiff in the terms and conditions of his employment by denying him promotions while promoting similarly situated white fire chiefs.

44.    Defendant's actions constitute unlawful intentional race discrimination in violation of Title VII of the Civil Rights Act, as amended, thus entitling Mr. Whisby to all appropriate relief under the statute.

45.    As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages including lost wages, emotional distress, inconvenience, loss of income and benefits, loss of pension, humiliation, and other indignities.

46.    Plaintiff is entitled to an award of back pay and benefits, compensatory damages, attorney's fees, and all other appropriate damages, remedies, and other relief available under Title VII and all federal statutes providing remedies for violations of Title VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a)    a declaratory judgment that the Defendant has engaged in unlawful employment practices in violation of Title VII;

(b)    an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of Title VII;

(c)    full back pay from the date of Plaintiff's application for upgrade of his pay grade through the date of his retirement, taking into account all raises to which Plaintiff would have been entitled but for the unlawful failures to promote him, and all fringe and pension benefits of employment, with prejudgment interest thereon;

(d)    compensatory damages, in an amount to be determined by the enlightened conscience of the jury, for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life and special damages;

(e)    reasonable attorneys' fees and costs; and

(f)    other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Edward D. Buckley*
Edward D. Buckley
Georgia Bar No. 092750
edbuckley@bbwmlaw.com

BUCKLEY BALA WILSON MEW LLP
600 Peachtree Street, NE, Suite 3900

Atlanta, GA  30308
Telephone: (404) 781-1100
Facsimile: (404) 781-1101
edbuckley@bbwmlaw.com

*Counsel for Plaintiff*